UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEROY G. HAGENBUCH, | ) | |
| | ) | |
| PLAINTIFF, | ) | No. 13 C 7042 |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| SONRAI SYSTEMS, | ) | |
| | ) | |
| DEFENDANT. | ) | |

# MEMORANDUM OPINION AND ORDER

LeRoy G. Hagenbuch sued defendant Sonrai Systems for allegedly infringing U.S. Patent No. 5,644,489 (the "'489 Patent") and U.S. Patent No. 5,416,706 (the "'706 Patent") (collectively, "Patents-in-Suit"). R. 1. On March 27, 2015, the Court granted Sonrai's motion for summary judgment of patent expiration as to both patents. R. 48 (*Hagenbuch v. Sonrai Systems*, No. 13 C 7042, 2015 WL 1503423 (N.D. Ill. Mar. 27, 2015)). Hagenbuch has filed a motion to reconsider the Court's ruling as it applies to the '489 Patent, only. R. 50. For the following reasons, the Court grants Hagenbuch's motion.

## BACKGROUND

The Court will assume that the reader is familiar with its memorandum opinion granting Sonrai's summary judgment motion.

## LEGAL STANDARD

Motions for reconsideration "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de*

*Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citation omitted). They are proper where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted). Motions for reconsideration are not, however, "appropriate vehicle[s] for relitigating arguments that the Court previously rejected or for arguing issues that could have been raised during the consideration of the motion presently under reconsideration." *Caine v. Burge*, 897 F. Supp. 2d 714, 717 (N.D. Ill. 2012) (citing *Caisse*, 90 F.3d at 1270).

## ANALYSIS

### I. The Court's Ruling that the Patents-in-Suit have Expired

During the prosecution of U.S. Application Serial No. 351,179 (the '179 Application), the patent examiner raised an obvious-type double patenting objection. *Hagenbuch*, 2015 WL 1503423, at *1. Hagenbuch attempted to satisfy the examiner's objection by filing a terminal disclaimer similar to the form disclaimer in the Manual of Patent Examining Procedure ("MPEP"):

> I hereby disclaim the terminal part of *any patent granted on the above-identified application*, which would extend beyond the expiration date of the full statutory term of United States Patent No. 4,839,835 [the '835 Patent] . . . .

*Id.* at *2 (emphasis added). Through several file wrapper continuations, the '179 Application became U.S. Application Serial No. 08/102,531 (the '531 Application). *Id.* at *1. During the prosecution of that application, the examiner reinstated the

2

obvious-type double patenting objection because the disclaimer Hagenbuch had previously filed "was worded in such that it did not apply to any subsequently filed applications claiming benefit under 35 U.S.C. § 120." *Id*. In response, Hagenbuch amended the terminal disclaimer as follows:

> I hereby disclaim the terminal part of any patent granted on the above-identified application *or any continuation of it under 35 U.S.C. subsection 120*, which would extend beyond the expiration date of the full statutory term of United States Patent No. 4,839,835 [the '835 Patent] and hereby agree that any patent so granted on the above-identified application *or continuation of it* shall be enforceable only for and during such period that the legal title to the patent shall be the same as the legal title to [the '835 Patent]. I understand that this agreement runs with any patent granted on the above-identified application *or continuation of it* and that it is binding upon the grantor, its successors or assigns.

*Id*. at *2. The USPTO issued a notice of allowance approximately a month after Hagenbuch filed this disclaimer, and it later issued as U.S. Patent No. 5,327,347 (the '347 Patent) on July 5, 1994. *Id*.

Hagenbuch's motion to reconsider challenges the Court's conclusion that the terminal disclaimer applies to the '489 Patent. At the time Hagenbuch filed the terminal disclaimer, 35 U.S.C. § 120 read as follows:

> An application for patent for an invention . . . which is filed by an inventor or inventors named in the previously filed application shall have the same effect, as to such invention, as though filed on the date of the prior application, *if filed before the patenting or abandonment of or termination of proceedings* **[1]** *on the first application or* **[2]** *on an application similarly entitled to the benefit of the filing date of the first application* and if it contains or is amended to contain a specific reference to the earlier filed application.

35 U.S.C. § 120 (1993) (emphasis and enumeration added). In opposition to Sonrai's summary judgment motion, Hagenbuch relied on the MPEP's definition of a

3

"continuation" as "a second application for the same invention claimed in a prior application and filed *before* the original becomes abandoned or patented." MPEP § 201.07 (5th Ed., 15th Rev., Aug. 1993) (emphasis added). This definition is consistent with clause [1], above. Under clause [2], however, an application may be entitled to the first application's filing date, even if filed *after* the first application is patented, through "'a chain of co-pending applications.'" *Hagenbuch*, 2015 WL 1503423, at *7-8 (quoting *Encyclopaedia Britannica, Inc. v. Alpine Elec. of Am., Inc.*, 609 F.3d 1345, 1350 (Fed. Cir. 2010)). In its opinion, the Court noted that "[n]either party [had] adequately explain[ed] the apparent tension between the 1993 MPEP's definition of "continuation" and 35 U.S.C. § 120's language." *Hagenbuch*, 2015 WL 1503423, at *7; *see also id.* at *8 n.8 (characterizing as "elusive" the distinction Hagenbuch attempted to make between a patent granted "on" a continuation and a patent granted "from" a continuation). The Court concluded, however, that it was unnecessary to clarify the relationship between the MPEP's definition of "continuation" and § 120 because: (1) the MPEP is not binding law; (2) the terminal disclaimer did not expressly incorporate the MPEP's definition of "continuation"; and (3) the reference to § 120 in the terminal disclaimer indicated Hagenbuch's intent to disclaim the terminal part of *any* application claiming the benefit of the '531 Patent's filing date. *Id.* at *7; *see also id.* at *8 n.8 ("The Court sees no basis to construe § 120 more narrowly for purposes of the disclaimer than it would in any other context.").

4

Applying § 120, the Court held that: (1) the '706 Patent was subject to the terminal disclaimer because Hagenbuch filed the application giving rise to that patent before the USPTO granted the '531 Application as the '347 Patent; and (2) the '489 Patent was subject to the terminal disclaimer because it was "filed . . . on an application [the '806 Application] similarly entitled to the benefit of the filing date of" the '531 Application through a chain of co-pending applications. *Id.* at *7-8. Thus, both the '706 Patent and the '489 Patent expired when the '835 Patent expired on June 13, 2006, rendering this lawsuit untimely. *Id.* at *8.

## II. Whether the '489 Patent is a "Continuation of" the '531 Application

Hagenbuch's motion is procedurally proper insofar as it clarifies his argument regarding the interaction between § 120 and the MPEP's definition of "continuation."[1] A patent application satisfies § 120's co-pendency requirement if filed before "the patenting or abandonment of or termination of proceedings on": (1) the "first application"; or (2) "an application similarly entitled to the benefit of the first application." 35 U.S.C. § 120 (1993). The statute does not, however, define (or even use) the word "continuation." As discussed, the MPEP defines "continuation" as "a second application for the same invention claimed in a prior application and filed before the original becomes abandoned or patented." MPEP § 201.07 (5th Ed., 15th Rev., Aug. 1993); *see also Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1180 n. 10 (Fed. Cir. 1995) ("While the MPEP does not have the force of law, it is entitled to judicial notice as an official interpretation of statutes or regulations as long as it is

---

[1] The Court rejects Sonrai's argument that Hagenbuch's motion improperly rehashes old arguments. *See* R. 58 at 1-3

5

not in conflict therewith."). By its terms, this definition is narrower than the full scope of § 120. Section 120 confers the benefit of the original application's filing date on applications filed before the original is patented, (which are "continuations" as the MPEP defines that term), *and* to applications filed after the original is patented through a chain of co-pending applications (which are not).

Hagenbuch's decision to use the word "continuation" suggests that he did not intend to disclaim the terminal part of every application claiming the benefit of the '531 Application's filing date. *Cf. Hagenbuch*, 2015 WL 1503423, at *7. If he had intended the disclaimer to apply more broadly, he could have said so. The applicant in *President and Fellows of Harvard College v. Rea*, like Hagenbuch, faced an obvious-type double patenting objection. No. 1:12-cv-1034, 2013 WL 2152635 (E.D. Va., May 15, 2013) (*Harvard College*). Also like Hagenbuch, the applicant deviated from the MPEP's form terminal disclaimer, which by its terms applied only to "any patent granted on the *instant application*." *See* MPEP §1490, p.1400-22 (5th Ed. Rev. 15, Aug. 1993) (emphasis added); *Harvard College*, 2013 WL 2152635, at *1. But it did so in way that unambiguously extended the disclaimer to all patents claiming priority to the original application:

> [Harvard] hereby disclaims any portion of any patent granted on the [Parent Patent] application *or on any application which is entitled to the benefit of the filing date of the [Parent Patent] application under 35 U.S.C. § 120* not extending the term of any patent granted on that application beyond the term of [the Grandparent Patent] issued April 12, 1988.

*Harvard College*, 2013 WL 2152635, at *1 (emphasis added). If Hagenbuch had adopted this language, there would be no question that the terminal disclaimer in

6

the '531 Application applied to the '489 Patent. But he chose different language, "and the language he chose controls." *Hagenbuch*, 2015 WL 1503423, at *6 (citing *Harvard College*, 2013 WL 2152635, at *1).

Applying the MPEP's definition, the '706 Patent is a "continuation of" the '531 Application because Hagenbuch filed the application for that patent (Application No. 206,531) on March 4, 1994, before the USPTO granted the '531 Application as the '347 Patent on July 5, 1994. *See* '706 Patent ("*Continuation of application No. 08/102,531*, filed on Aug. 4, 1993, now Pat. No. 5,327,347 . . . ."). Hagenbuch filed the '806 Application, which the USPTO granted as the '489 Patent, on June 7, 1995—*after* the '531 Application was patented. The '489 Patent is entitled to the '531 Application's filing date through a chain of co-pending applications, *see Hagenbuch*, 2015 WL 1503423, at *7-8, but it is not a "continuation of" the '531 Application. *See* '489 Patent ("*Continuation of application No. 08/403,069*, filed on Mar. 13, 1995, now Pat. No. 5,742,914, which is a continuation of application No. 08/206,531, filed on Mar. 4, 1994, now Pat. No. 5,416,706, which is a continuation of application No. 08/102,531, filed on Aug. 4, 1993, now Pat. No. 5,327,347 . . . .). Thus, applying the MPEP's definition, the '531 Application's disclaimer does not apply.

None of Sonrai's contrary arguments persuade the Court that its March 27, 2015 opinion should stand with respect to the '489 Patent.

*First*, Sonrai points out that applications satisfying § 120's requirements have the "same effect, as to such invention, as though filed on the date of the prior

7

application." 35 U.S.C. § 120 (1993). According to Sonrai, this means that all applications satisfying § 120 are "continuations" of the parent application. R. 58 at 3-4. It has not cited any authorities supporting this argument, which is unpersuasive on its face. The "effect" that inventions satisfying § 120 share is the parent application's filing date. This does not mean, or even suggest, that every application in the chain of co-pending applications is a "continuation" of the parent application.

*Second*, Sonrai relies on the fact that § 120 establishes the "conditions" for filing continuations. *Id.* at 4; *see* 37 C.F.R. §§ 1.53, 1.60 (setting forth procedures for filing "continuation . . . application[s] (filed under the conditions specified in 35 U.S.C. § 120 . . . )." The fact that continuations arise from § 120 does not shed any light on the proper definition of "continuation," nor is it grounds for rejecting the USPTO's interpretation of its own regulations. *Cf. Molins PLC*, 48 F.3d at 1180 n. 10 (the MPEP "is entitled to judicial notice as an official interpretation of statutes or regulations").

*Third*, Sonrai cites a "small sample" of cases—three from the Federal Circuit and one from the Western District of Pennsylvania—using the term "continuation" to describe intermediate applications in a chain of co-pending applications. *See* R. 58 at 5-6, n.3. For example, in the background section of an opinion dealing with patent eligibility under 35 U.S.C. § 101, the Federal Circuit set forth a collection of patents that the plaintiff owned:

> CET owns U.S. Patent Nos. 5,258,855 ('855 patent), 5,369,508 ('508 patent), 5,625,465 ('465 patent), and 5,768,416 ('416 patent)

8

(collectively, the asserted patents). The '508, '465, and '416 patents are continuations of the '855 patent, and share substantially the same specification.

*Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1345 (Fed. Cir. 2014).[2] None of the cases that Sonrai cites purport to define the term "continuation," nor did any material issue in those cases hinge on that label. *Cf. Antares Pharma, Inc. v. Medac Pharma Inc.*, 771 F.3d 1354, 1358 (Fed. Cir. 2014) (citing the MPEP's current definition, which is substantially the same as the 1993 version's, and holding that "a continuing application cannot be filed after the original parent application issues."). As Hagenbuch points out, the MPEP's definition of "continuation" is the only definition that either party has suggested.

*Fourth*, Sonrai argues that limiting the term "continuation" to a "second" application for the same invention would, in theory, permit Hagenbuch to avoid the disclaimer simply by filing a third application and abandoning the second. R. 58 at 5. This is correct, however, only if the Court interprets the term "second" literally. A more reasonable interpretation—one that Sonrai itself suggests, *see id.* at 7—is that the MPEP's definition applies to any applications (whether or not "second" chronologically) "for the same invention claimed in a prior application and filed before the original becomes abandoned or patented." Conversely, it would stretch the MPEP's definition past the breaking point to apply the term "continuation" to

---

[2] Sonrai points out that Hagenbuch used the term "continuation" similarly in separate litigation involving the Patents-in-Suit. R. 58 at 6-7. Hagenbuch's stray comments in other cases are not grounds for judicial estoppel, and Sonrai has not attempted to show otherwise.

9

applications filed *after* "the original [application] becomes abandoned or patented." The MPEP says just the opposite.

In sum, the Court concludes that it erred in granting Sonrai's motion for summary judgment of patent expiration as to the '489 Patent.

## CONCLUSION

For the foregoing reasons, the Court grants Hagenbuch's motion to reconsider, R. 50. A status hearing is set for September 16, 2015 at 9:00 a.m.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: September 10, 2015