IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEROY G. HAGENBUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:13 C 7042 |
| v. | ) | |
| | ) | Judge Thomas M. Durkin |
| SONRAI SYSTEMS, | ) | |
| | ) | Magistrate Judge Mary M. Rowland |
| Defendant. | ) | |

DEFENDANT'S PETITION TO CERTIFY
QUESTION FOR § 1292(b) INTERLOCUTORY APPEAL

Defendant Sonrai Systems ("Sonrai"), by its attorneys and pursuant to 28 U.S.C.A. § 1292(b), petitions this Court for entry of an order (1) certifying this Court's September 10, 2015 Memorandum Opinion and Order and the question proposed herein to the Court of Appeals for the Federal Circuit for interlocutory review, and (2) staying this litigation pending the outcome of that interlocutory petition and any related appellate proceedings. In support of its petition, Sonrai states as follows:

I.    Introduction

1.    This Court's September 10, 2015 Memorandum Opinion and Order (the "Reconsideration Order"), in which it reconsidered and reversed in part its prior March 27, 2015 Memorandum Opinion and Order (the "Original Order"), tackled a technical issue of patent law that has not been resolved by the Federal Circuit. Specifically, both Orders addressed the effect of a terminal disclaimer in a patent application on certain later patent applications. The Original Order found that the terminal disclaimer did apply to plaintiff's '489 Patent and '702 Patent (and granted summary judgment in Sonrai's favor); the Reconsideration Order found that the terminal

1

4834-7507-2040.1

disclaimer <u>did not</u> apply to plaintiff's '489 Patent (and reversed in part the summary judgment order).

2. While Sonrai respectfully believes that this Court reached the correct conclusion in its Original Order, the Court's grant of reconsideration confirms that this is a nuanced issue of patent law, involving issues of statutory construction, regulatory construction, and patent examining procedures,[1] that presents the sort of "pure issue of law" that is appropriate for interlocutory review. Although Sonrai submits that its position on the effect of the terminal disclaimer is in line with the Federal Circuit's approach outlined in other cases, the proposed question for certification has not specifically been answered by the Federal Circuit. The Reconsideration Order and Sonrai's proposed question for certification meet all the statutory requirements for an interlocutory appeal, and should be certified to the Federal Circuit.

II.      <u>Proposed Question for Certification</u>

3. Sonrai proposes the following question for certification to the Federal Circuit in connection with certification of the Reconsideration Order:

> Whether a terminal disclaimer filed in a patent application, expressly disclaiming "the terminal part of any patent granted [thereon] or any continuation of it under 35 U.S.C. subsection 120," operates to disclaim the term of any downstream application claiming § 120 priority thereto regardless of intervening applications or the date the original application issued as a patent.

As discussed below, this question meets the § 1292(b) criteria.

III.      <u>Argument</u>

A.      <u>Applicable Standard</u>

4. An order "not otherwise appealable" may be certified for interlocutory appeal when

---

[1] The Manual of Patent Examining Procedure ("MPEP"), which this Court was called upon to interpret, "does not have the force of law," but is "entitled to judicial notice as an official interpretation of statutes or regulations as long as it is not in conflict therewith." *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1180 n.10 (Fed. Cir. 1995).

the Court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C.A. § 1292(b). The Seventh Circuit has outlined the criteria for courts in this District to consider in deciding whether to grant a § 1292(b) petition:

> There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: [1] there must be a question of *law*, [2] it must be *controlling*, [3] it must be *contestable*, and [4] its resolution must be to *speed up* the litigation. There is also a nonstatutory requirement: [5] the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed.

*Ahrenholz v. Board of Trustees*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original).

**B.     The Petition Presents a Question of Law**

5.     Sonrai's proposed question poses a question of law. A "question of law" within the meaning of § 1292(b) refers "to a 'pure' question of law" or "abstract legal issue," such as "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 676-77. It should be "something the court of appeals could decide quickly and cleanly without having to study the record." *Id.* at 677.

6.     The question posed by Sonrai presents a pure question of law and concerns abstract legal issues. The question pertains to the meaning of statutory and regulatory provisions, specifically, the interplay between and interpretation of 35 U.S.C. § 120, the Code of Federal Regulations, and the Manual of Patent Examining Procedure in determining whether a later-filed application is a "continuation of" an earlier application and is therefore subject to a terminal disclaimer. Section 120 provided that a patent application "shall have the same effect . . . as though filed on the date of the prior application, if filed before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the

4834-7507-2040.1

benefit of the filing date of the first application . . . ." 35 U.S.C. § 120 (emphasis added).[2] Sonrai

contends (and this Court previously – and, Sonrai submits, correctly – decided) that under the

plain language of § 120, plaintiff's '489 Patent was a continuation of a prior patent application

subject to a terminal disclaimer. Plaintiff argues that the MPEP's differing use of the term

"continuation" (to refer to an application "filed before the original becomes abandoned or

patented"[3]) can be reconciled with § 120 such that the '489 Patent was not a "continuation" at all.

In answering the proposed question, the Federal Circuit need not delve into factual issues – it will

clarify the interrelationship between § 120 and the MPEP and the meaning of "continuation."

7.      Indeed, Sonrai's proposed question presents a pure legal issue that is similar in

nature to questions the Federal Circuit has previously accepted for interlocutory appeal, such as

cases concerning the existence of supplemental subject matter jurisdiction or whether federal

patent law preempts certain state law claims. *See Voda v. Cordis Corp.*, 122 F. App'x 515 (Fed.

Cir. 2005)[4] (supplemental subject matter jurisdiction) (non-precedential); *Kollmorgen Corp. v.*

*Yaskawa Elec. Corp.*, 21 F. App'x 893 (Fed. Cir. 2001) (whether collateral estoppel precludes re-

litigation of claim construction) (non-precedential); *Taylor v. PPG Indus., Inc.*, 256 F.3d 1315

(Fed. Cir. 2011) (preemption). The proposed question meets the first criterion.

C.      **The Question of Law Is Controlling**

8.      Sonrai's proposed question presents a controlling question. "A question of law is

controlling 'if its resolution is quite likely to affect the further course of the litigation, even if not

certain to do so.'" *In re Ocwen Fed. Bank FSB Mortg. Servicing Litig.*, 2006 U.S. Dist. LEXIS

34647, at *8 (N.D. Ill. May 16, 2006), *citing Sokaogon Gaming Enter. Corp. v. Tushie-*

---

[2] As this Court is aware, the language is the version of § 120 that was in effect at the time of the terminal disclaimer at issue.
[3] MPEP § 201.07 (5th ed. 15th rev., Aug. 1993).
[4] Copies of unpublished cases are attached as Group Ex. A.

4

*Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996).

9.     Courts have found proposed questions controlling if the result of the interlocutory appeal could be to "dispose of all or most of" a party's claims or "could possibly permit the parties to resolve the matter without a trial." *U.S. ex rel. Garbe v. Kmart Corp.*, 2015 U.S. Dist. LEXIS 73517, at *6-7 (S.D. Ill. Jan. 12, 2015); *see also SEC v. Buntrock*, 2003 U.S. Dist. LEXIS 1636, at *7-8 (N.D. Ill. Feb. 3, 2003) (potential for dismissal of case made question controlling). Here, unquestionably, resolution of Sonrai's proposed question is likely to affect the further course of the litigation. If the Federal Circuit holds that this Court reached the right conclusion in its Original Order, that holding would dispose of <u>all</u> of plaintiff's claims, as well as most of Sonrai's counterclaims. *See also* § III.E *infra*. In other words, the proposed question meets the definition of "controlling."

### D.     <u>Substantial Ground Exists for Difference of Opinion on the Proposed Question</u>

10.     Sonrai's proposed question is contestable. "An issue is contestable within the meaning of § 1292(b) if there is a 'difficult central question of law which is not settled by controlling authority,' and a 'substantial likelihood' exists that the district court's ruling will be reversed on appeal." *In re Ocwen*, 2006 U.S. Dist. LEXIS 34647, at *8-9 (citation omitted).

11.     A proposed question can be a "difficult central question" warranting interlocutory appeal where there is a "paucity of law surrounding" that question. *Voda*, 122 F. App'x at 515; *see also Garbe*, 2015 U.S. Dist. LEXIS 73517, at *9 (questions were contestable when there was "no abundant authority for either side"); *Buntrock*, 2003 U.S. Dist. LEXIS 1636, at *8 (suggesting that "dearth of caselaw" on proposed question "alone should be sufficient to demonstrate that there could be a difference of opinion" warranting interlocutory appeal but certifying order for other reasons).

12.     Here, Sonrai's proposed question presents a difficult and central question of law

4834-7507-2040.1

that is not settled. Sonrai is not aware of Federal Circuit precedent addressing the impact of terminal disclaimers on downstream intervening applications that claim priority to the original application, including applications that were not "filed before the original becomes abandoned or patented." The closest that the Federal Circuit has come to addressing the question is its recent decision in *President & Fellows of Harvard College v. Lee,* 589 F. App'x 982 (Fed. Cir. 2014). In that decision, the Federal Circuit held that a patent that was a direct continuation of a prior patent was subject to the terminal disclaimer. Sonrai submits that the decision signals that the Federal Circuit would reach a similar conclusion with respect to downstream applications claiming priority.

13.     In addition, there is an intra-circuit conflict and a conflict with how the Patent and Trademark Office ("PTO") approaches the issue, both of which bolster the conclusion that the proposed question is a difficult central question that should be certified for interlocutory appeal.

      a.     *Intra-Circuit Conflict*: Another court in the Northern District of Illinois held that <u>neither</u> of plaintiff's patents was subject to a terminal disclaimer.[5] In the Original Order, this Court found that <u>both</u> of plaintiff's patents were affected by the terminal disclaimer (which, Sonrai submits, was the correct result). In the most recent order, this Court held that <u>one</u> of plaintiff's patents, but not the other, was affected by the terminal disclaimer.

      b.     *Conflict with the PTO*: The PTO has taken the position that, "The MPEP is not law and does not have the legal power to govern the cognizable scope of terminal disclaimers." (*See* Doc. 33-14 at 33.)

14.     With respect to the "likelihood" of reversal, this Court need not be persuaded that its decision <u>will</u> be reversed (*i.e.,* that its Original Order was correct). Courts in this District have

---

[5] *Hagenbuch v. Otto Environmental Sys.,* Case No. 12 CV 1768, ECF 35 (N.D. Ill. Jan. 3, 2015).

4834-7507-2040.1

certified questions even though they deemed themselves "loath to determine that [they] will be reversed on appeal" when they are "presented with a complex legal issue on which there is no controlling Seventh Circuit precedent" and the petitioner "present[ed] well-reasoned arguments." *In re Ocwen*, 2006 U.S. Dist. LEXIS 34647, at *9; *see also Garbe*, 2015 U.S. Dist. LEXIS 73517, at *7 (while "Court is loath to determine that there is a 'substantial likelihood' that it will be reversed," intra- and inter-circuit splits made question contestable). Another court in this District certified questions for interlocutory appeal even though it "believe[d] that its analysis . . . [was] correct," because the legal issues were "novel and extremely interesting . . . . difficult and thought provoking." *Van Straaten v. Shell*, 813 F. Supp. 2d 1005, 1020-21 (N.D. Ill. 2011). Sonrai's proposed question similarly presents the type of novel and difficult technical legal issue that warrants certification.

      E.      <u>Resolution of the Question May Speed Up the Litigation</u>

15.      Immediate appeal from the Court's September 10 order may materially advance the ultimate termination of this lawsuit. The requirement that the appeal "materially advance" the termination of the litigation is met when resolution of the proposed question might substantially shorten the litigation or even avoid trial altogether. *Garbe*, 2015 U.S. Dist. LEXIS 73517, at *9; *see also Buntrock*, 2003 U.S. Dist. LEXIS 1636, at *10 (criterion met when case would be dismissed if defendants prevailed on appeal); *In re Ocwen*, 2006 U.S. Dist. LEXIS 34647, at *10 (criterion met when 20 of 23 counts would be dismissed if defendants prevailed on appeal).

16.      If the Federal Circuit finds in favor of Sonrai on the certified question, that ruling would dispose of all plaintiff's claims in this lawsuit, as well as most of Sonrai's counterclaims. Sonrai will have a few counterclaims left pending in the lawsuit, but the parties would have an incentive to attempt to resolve the matter informally and without expending significant resources.

F.    **This Petition Was Filed Within a Reasonable Time**

17.    This petition also meets the non-statutory requirement of timeliness. Courts in this District have found petitions timely when filed a few weeks from the date of the order in question. *See In re Ocwen*, 2006 U.S. Dist. LEXIS 34647, at *10 (petition filed 16 days after order timely). This Court's reconsideration order issued on September 10, 2015, and Sonrai filed this petition on September 18, 2015 – just eight calendar days (*i.e.*, six business days) later.

G.    **Request for Stay Pending Appeal**

18.    Sonrai additionally requests that this litigation be stayed pending resolution of the § 1292(b) petition, any appeal resulting from the petition, and any appeals therefrom. It is within this Court's discretion to stay the case pending appeal. *See* 28 U.S.C.A. § 1292(b) ("application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order").

19.    Stay is warranted here because it would promote efficiency and conserve both judicial resources and the parties' resources. Discovery in patent infringement cases is complex and costly. It almost always requires the parties to disclose competitively sensitive information. Further, this District has Local Patent Rules that put patent infringement cases on a comparatively fast and rigid schedule. If the parties were to embark on discovery now, and this Court were to engage in extensive claim construction briefing and hearing, only to learn that plaintiff's '489 Patent really did expire before plaintiff brought suit, the parties will have engaged in expensive, time-consuming discovery for nothing.

20.    Conversely, no party will be prejudiced by a stay. Even assuming there was no terminal disclaimer of the '489 Patent, that patent expired on July 1, 2014. In other words, there is no allegation of ongoing infringement and no damages are accruing – any infringement, if it existed, and damages ended more than a year ago. If plaintiff prevails at trial, it can be fully

8

compensated with a damages award.

WHEREFORE, defendant Sonrai System respectfully requests that this Court enter the attached order certifying the September 10, 2015 Memorandum Opinion and Order and the proposed question for § 1292(b) interlocutory appeal to the Federal Circuit and staying this litigation pending resolution of the § 1292(b) petition, any appeal resulting from the petition, and any appeals therefrom.

Respectfully submitted,

**SONRAI SYSTEMS**

Date: September 18, 2015

/s/ Lisa C. Sullivan
Roger H. Stein
Lisa C. Sullivan
Richard C. Himelhoch
NIXON PEABODY LLP
70 W. Madison Street, Suite 3500
Chicago, Illinois 60602
(312) 977-4400
rstein@nixonpeabody.com
lcsullivan@nixonpeabody.com
rhimelhoch@nixonpeabody.com

*Attorneys for Defendant*

4834-7507-2040.1

<u>CERTIFICATE OF SERVICE</u>

I, Lisa C. Sullivan, an attorney, certify that on September 18, 2015, a copy of the foregoing **DEFENDANT'S PETITION TO CERTIFY QUESTION FOR § 1292(b) INTERLOCUTORY APPEAL** was filed with the Clerk's CM/ECF System, which will provide electronic notification of such filing to counsel of record for Plaintiff, addressed to the following:

Michael D. Freeborn
Joseph L. Fogel
Jonathan Hill
Jacob D. Koering
**FREEBORN & PETERS LLP**
311 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 360-6000
mfreeborn@freeborn.com
jfogel@freeborn.com
jhill@freeborn.com
jkoering@freeborn.com


/s/     Lisa C. Sullivan

10

4834-7507-2040.1