NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEROY G. HAGENBUCH,**
*Plaintiff-Respondent*

v.

**SONRAI SYSTEMS,**
*Defendant-Petitioner*

---

2016-102

---

On Petition for Permission to Appeal pursuant to 28 U.S.C. Section 1292(b) from the United States District Court for the Northern District of Illinois in No. 1:13-cv-07042, Judge Thomas M. Durkin.

---

**ON PETITION**

---

Before NEWMAN, REYNA, and TARANTO, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* Reyna.

*Circuit Judge* Newman dissents and would receive the certified order for appeal.

REYNA, *Circuit Judge.*

**O R D E R**

Sonrai Systems petitions for permission to appeal from an order that denied its motion for summary judgment premised on the specifics of a terminal disclaimer. The district court certified the order under 28 U.S.C. § 1292(b). LeRoy G. Hagenbuch opposes the petition. We deny the petition.

I.

Mr. Hagenbuch is the owner of U.S. Patent No. 5,644,489 ("the '489 patent"). The '489 patent claims priority to U.S. Application No. 08/102,531 ("the '531 application."). During prosecution, the examiner rejected all of the claims of the '531 application—which eventually issued as 5,327,347 ("the '347 patent")—on the ground of nonstatutory obviousness-type double patenting over claims of U.S. Patent No. 4,839,835 ("the '835 patent").

Mr. Hagenbuch responded by filing a terminal disclaimer over the '835 patent, disclaiming any term for the '347 patent or "any continuation of" the '531 application "under 35 U.S.C. subsection 120" that extended beyond the expiration of the '835 patent. The '347 patent then issued. Afterward, Mr. Hagenbuch filed U.S. Application No. 475,806 ("the '806 application")—a continuation of an application that was itself a continuation of the '531 application—which eventually issued as the '489 patent.

In October 2013, Mr. Hagenbuch brought the underlying complaint in the United States District Court for the Northern District of Illinois, alleging infringement of the '489 patent.* On March 27, 2015, the district court granted summary judgment on the ground that the '835 patent had expired and the '489 patent disclaimed any term

---

* Mr. Hagenbuch also alleged infringement of U.S. Patent No. 5,416,706 but appears to concede that patent is subject to the terminal disclaimer.

beyond the '835 patent. But the district court granted reconsideration of that ruling on September 10, 2015.

The court ultimately agreed with Mr. Hagenbuch that because the '806 application was filed after the '347 patent issued, the '489 patent was not a "continuation" for purposes of the disclaimer. It relied on a definition from the Manual of Patent Examining Procedure at the time the disclaimer was filed, which defined "continuation" as "a second application for the same invention claimed in a prior application and filed *before the original* becomes abandoned or *patented*." MPEP § 201.07 (5th Ed. 15th Rev., Aug. 1993) (emphasis added).

At Sonrai's request, the district court then certified the rulings for interlocutory appeal under § 1292(b), which authorizes a district court to certify for appeal an interlocutory order when it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

II.

By its terms, § 1292(b) provides this court "discretion" whether to "permit an appeal to be taken." *See In re Convertible Rowing Exerciser Patent Litigation*, 903 F.2d 822 (Fed. Cir. 1990) (noting broad discretion). Here, we are not convinced that appellate review of this case at this time is warranted under the applicable criteria.

"The legislative history of subsection (b) of section 1292 . . . indicates that it was to be used only in extraordinary cases." *Green Edge Enters., LLC v. Rubber Mulch Etc., LLC*, 450 F. App'x 978, 979 (Fed. Cir. 2011) (parenthetically quoting *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)). "[E]ven if the district judge certifies the order under § 1292(b), the appellant still 'has the burden of persuading the court of appeals that excep-

tional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (quoting *Fisons, Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972)).

Sonrai presents no compelling reason why review is needed now to address this issue. Sonrai does not argue that the district court's ruling conflicts with opinions of this court or other district courts. *See Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Sonrai does cite to *President & Fellows of Harvard College v. Lee*, 589 F. App'x 982 (Fed. Cir. 2014), but that case dealt only with the issue of whether the disclaimer fee was paid. Sonrai contends that this court has not yet directly addressed the issues. However, to the extent that it is correct, "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (citations omitted).

Accordingly,

IT IS ORDERED THAT:

The petition for permission to appeal is denied.

> FOR THE COURT
>
> /s/ Daniel E. O'Toole
> Daniel E. O'Toole
> Clerk of Court

s31